E-FILED
Monday, 12 July, 2021 03:28:37 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GREG KLOSTERMAN, )<br>)<br>Defendant. ) | Case No. 12-30077 |

OPINION

RICHARD MILLS, United States District Judge:

Greg Klosterman seeks revocation of a Detention Order [d/e 43] under 18 U.S.C. § 3145(b).

Klosterman is serving a lifetime term of supervised release following a 2012 conviction for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B)

1

and (b)(2). His supervised release term began on December 13, 2017.

I.

On June 9, 2021, a Detention Hearing by video as to Klosterman was held before United States Magistrate Judge Eric I. Long. After the Parties presented arguments, the Court ordered that Defendant be detained. Pursuant to 18 U.S.C. § 3145(b) and Federal Rule of Criminal Procedure 59, Klosterman asks the Court to revoke the detention order and release him on bond with conditions pending resolution of this case.

Klosterman claims that the magistrate judge gave improper weight to the alleged violation conduct as indicative of a danger to the community, did not give

sufficient consideration to the fact that the alleged conduct may not qualify as a violation of the terms of supervised release, and did not consider the proposed conditions of home detention with electronic monitoring as clear and convincing evidence that he would not pose a danger to himself or others--especially in light of the length of time he has complied with the Court's conditions of release and the tenuous nature of the technical violations alleged.

Attached to Klosterman's motion is a transcript of the June 9, 2021, detention and preliminary hearings, the proffers and oral arguments of which he incorporates in this motion. The Court has reviewed that transcript of the hearing.

On December 17, 2020, Klosterman's conditions were modified to require 6 months of home detention with electronic monitoring for having an unapproved contact with a minors and visiting a massage parlor. Specifically, the Government states that in August 2020, Klosterman admitted to having had contact with two minor children without the permission of his supervising Probation Officer. In September 2020, he went to an apple orchard without disclosing his intention to do so and encountered a family with children. Klosterman admitted to his Probation Officer in November 2020 that he had received prostitution acts of masturbation from various massage parlors approximately six times since his release from BOP. During a polygraph examination while on

4

supervised release, the polygraph examiner believed Klosterman was being deceptive when he answered "no" to a question about whether he had viewed any pornography. He was not asked if he had viewed illegal child pornography.[1]

The petition to revoke alleges that Klosterman violated Special Condition Number 8, which provides as follows:

> You shall participate in a sex offender treatment program as deemed necessary by the probation officer. You shall pay for such services as directed by the U.S. Probation Office. You will submit to psychological testing, including polygraph testing, which may be a part of a sex offender treatment program as directed by the U.S. Probation Office.

---

[1] Klosterman is also prohibited from receiving, possessing or transmitting "sexually arousing material," which would include adult pornography that is otherwise legal. [d/e 25, at 4]. Since the condition was imposed, the Seventh Circuit has held that a ban on access to adult pornography is "only appropriate where it is reasonably necessary to assist the defendant's rehabilitation or to protect the public." *United States v. Wagner*, 872 F.3d 535, 542 (7th Cir. 2017). If imposing such a condition, the district court "must explain how the condition is reasonably necessary to achieve those goals." *United States v. Canfield*, 893 F.3d 491, 495-96 (7th Cir. 2018). Certainly, such a condition as to Klosterman may be reasonably necessary to achieve the goals of rehabilitation and to protect the public. However, the issue is not currently before the Court.

You shall pay for such services as directed by the U.S. Probation Office.

Klosterman states no further violations of supervised release have been alleged in the petition or were raised during the hearing. He has been on supervised release since December 13, 2017.

The Petition alleges Klosterman violated the special condition by being "unsuccessfully discharged from sex offender treatment" due to a "lack of participation and progress in therapy, lack of investment in the therapeutic process, being non-compliant with the therapeutic expectations, and involving himself in actions which may potentially increase his estimate of recidivistic risk, with the most recent being skewering a plastic baby on the antenna of his car." Attached to the Government's

response is a photo of the plastic baby on the car.

Klosterman claims that, based on the information in the petition and testimony from the hearing, he did participate in sex offender treatment as required by Special Condition Number 8. He attended all required sessions and took polygraphs as directed for more than three years. Therefore, Klosterman claims he participated in treatment as directed.

Klosterman alleges that his expulsion from treatment for an unexplained "lack of investment" and a plastic vehicle doll ornament done in poor taste does not mean that he failed to participate. The special condition does not require any particular type of participation in treatment, such as "fully" or "with enthusiasm" and it does not require

7

that his treatment provider be satisfied with his progress. He need not even <u>complete</u> the program to comply with Special Condition Number 8. It requires that he <u>participate</u> and take polygraphs as directed, both of which Klosterman claims he did for four years.

## II.

### (A)

An individual facing revocation may be released under 18 U.S.C. § 3143(a)(1) if he presents clear and convincing evidence that he will not flee or pose a danger to any other person. In the Detention Order [d/e 42], Judge Long found that Klosterman failed to establish by clear and convincing evidence that he is "not likely flee or pose a danger to the safety of any other person or the community if released."

At the hearing, Judge Long stated there was probable cause that the condition was violated—that being an unsuccessful discharge from the treatment program. Klosterman claims the magistrate judge's determination of a risk of danger was erroneous.

Courts consider a number of factors under 18 U.S.C. § 3142(g) in determining whether conditions of release will ensure the appearance of the individual and the safety of others. The first is the nature and circumstances of the offense charged. The underlying offense is possession of child pornography. Klosterman claims the conduct alleged here is a technical violation, if there was any violation at all. He was attending the treatment sessions as required. A lack of enthusiasm or improper attitude with regard to sex

offender treatment does not mean there is a danger to the public. Klosterman notes he has fully complied with all of the restrictions on electronic devices and internet use.

In considering the weight of the evidence, Klosterman claims there is a genuine issue as to whether failure to meet the treatment provider's expectations for progress constitutes a lack of participation that would violate Special Condition Number 8. The Government states there is strong evidence that Klosterman failed to participate in the sex offender treatment program by failing to progress in therapy and being noncompliant with the therapeutic process.

Upon considering his history and characteristics, Klosterman states he has been on supervised release since

December 2017 and attended all required treatment sessions. Moreover, he has been honest and forthcoming with his probation officer. He committed no new law violations. He obtained and maintained employment and bought a home. Klosterman contends this demonstrates by clear and convincing evidence he does not pose a danger to any person in the community, including minors.

Based on the foregoing, Klosterman states that release with added conditions of home detention and electronic monitoring and that he re-engage in sex offender treatment with a different provider establishes by clear and convincing evidence that he will not pose a danger to others in the community.

The Government claims the allegations here demonstrate an escalation of events which suggests Klosterman is likely to reoffend. Moreover, location monitoring would not monitor Klosterman's activity while on release. It would only disclose his location.

The Government further states that the proffered evidence supports the conclusion that he has not been honest with his sexual treatment provider, who is an arm or extension of the Probation Officer. He has committed law violations (six instances of illegal prostitution) for which he was previously sanctioned. The Government claims this demonstrates there is a serious risk that Klosterman will commit a new offense concerning the sexual exploitation of children.

(B)

"[C]onditions of supervised release must make clear what conduct is prohibited, as well as the scope of the provisions." *United States v. Baker*, 755 F.3d 515, 529 (7th Cir. 2014) (internal citation omitted); *see also United States v. Sandidge*, 784 F.3d 1055, 1067 (7th Cir. 2015) ("We have long counseled district courts to adopt precise supervised release conditions.").

Klosterman claims that, by attending all required sessions and taking polygraphs as directed, he participated in the sex offender treatment program and may not have violated the special condition. If it is a violation, he alleges it is no more than a <u>technical</u> violation. Based on the precise wording of Special Condition Number 8,

Klosterman has a fairly strong argument. The key sentence states, "You shall participate in a sex offender treatment program as deemed necessary by the probation officer." Certainly, there is an implication that the individual shall take the sex offender treatment program seriously and successfully complete it. However, the condition as written does not require successful completion of the program. It also does not define "participate." Klosterman's argument that he participated in the program by attending all required sessions is not unreasonable.

Whether there is a violation turns on the meaning of "participate." The treatment provider cited Klosterman's "lack of participation and progress in therapy, lack of investment in the therapeutic process, being non-compliant

with the therapeutic expectations, and involving himself in actions which may potentially increase his estimate of recidivistic risk, with the most recent being skewering a plastic baby on the antenna of his car." It could be that the "lack of participation and progress" was so egregious that it cannot be said that Klosterman participated in the program. However, that is unclear based on the limited record.

Prior to the petition to revoke, Klosterman did have multiple compliance issues with his supervised release conditions—most notably the law violations at massage parlors and unauthorized contact with minors. He was previously sanctioned for those violations with a 6-month home confinement term.

As for the plastic baby incident, the Defendant states it was "a joke made in very poor taste." [d/e 43-1, at 7]. Based on Klosterman's history, the decision to place it on the car antenna was obviously extraordinarily stupid and might suggest he did not take his treatment seriously. However, that does not mean that he failed to participate in sex offender treatment. Moreover, the plastic baby incident does not appear to the Court to increase the likelihood that Klosterman will reoffend. Even if it did mean it was more likely Defendant would reoffend, it would be inappropriate to order him detained based on an increased likelihood that he will reoffend if there otherwise is no supervised release violation. The Parties dispute whether Klosterman violated that condition. Based on the

language of Special Condition Number 8 and the allegations in the petition, it is unclear whether there was a violation.

Based on the foregoing and given the uncertainty as to whether there was a supervised release violation, the Court concludes that release with added conditions of home detention with electronic monitoring and directing that Defendant re-engage in sex offender treatment with a different provider will provide clear and convincing evidence that he will not pose a danger to others or the community pending the final revocation hearing.

<u>Ergo</u>, the Motion of Defendant Greg Klosterman for Revocation of the Detention Order [d/e 43] is GRANTED.

The Detention Order [d/e 42] is REVOKED. Defendant Greg Klosterman is ordered released from custody.

The Court modifies Defendant Klosterman's conditions of supervised release to require Defendant to serve a term of home confinement with electronic monitoring pending the final hearing regarding revocation of supervised release. The home confinement with electronic monitoring shall start as soon as possible.

Defendant Klosterman is further Ordered to reengage in sex offender treatment with a different provider.

The Clerk will send copy of this Order to the United States Probation Office and the United States Marshals Service.

ENTER: July 12, 2021

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge